UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ARCH SPECIALTY INSURANCE COMPANY,

                Plaintiff,

v.

BETTER ENERGY SERVICE INC.,

                Defendant.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

20-CV-6255 (LDH) (CLP)

---

LaSHANN DeARCY HALL, United States District Judge:

    Arch Specialty Insurance Company ("Plaintiff") commenced this action against Better Energy Service Inc. ("Defendant") asserting claims for breach of contract, unjust enrichment, and account stated, all under New York law. (*See generally* Compl., ECF No. 1.) The complaint alleges that Plaintiff issued to Defendant a commercial general liability insurance policy effective December 18, 2017 to December 18, 2018, which covered certain liabilities in exchange for premiums. (*Id.* ¶¶ 6, 7.) Plaintiff further alleges that although it fulfilled its contractual obligations, Defendant failed to pay its "additional premium of $115,500," which resulted from an audit based on the actual exposure during the effective dates of coverage. (*Id.* ¶¶ 8, 10, 11.) Plaintiff sent to Defendant an invoice for $98,175.00 for the outstanding premium payment (*Id.* ¶ 12), which reflected a 15 percent commission to Defendant's insurance agent, Hull & Co. ("Hull"). (Ex. C, Pellitteri Decl., ECF No. 14-10.) Defendant never paid.

    Plaintiff commenced this action on December 24, 2020, and filed an executed summons on January 31, 2021. (ECF No. 6.) Plaintiff requested a certificate of default on March 4, 2021, after Defendant failed to answer or otherwise respond to the complaint. (ECF No. 7.) The Clerk of Court issued an entry of default on March 9, 2021. (ECF No. 9.) Plaintiff moved for default

judgment on January 21, 2022 (ECF No. 14), and the Court referred the motion to Magistrate Judge Cheryl L. Pollak for report and recommendation.[1]

On August 26, 2022, Judge Pollak issued a report and recommendation (the "R&R") recommending that the motion be granted in part and denied in part. (R&R at 4, ECF No. 24.) Specifically, Judge Pollak determined that Plaintiff stated a claim for breach of contract (*Id.* at 7–8), but that the account stated claim was necessarily precluded because the defendant is "liable for a breach of contract in connection with its failure to pay monies owed under the insurance policy[,]" (*id.* at 9.)[2] As to damages, Judge Pollak recommended that Plaintiff be awarded "'the benefit [it] would have enjoyed had no breach occurred'"—the "Net Amount Due" from the additional premium. (*Id.* at 11 (citing *Nature's Plus Nordic A/S v. Nat. Organics, Inc.,* 98 F. Supp. 3d 600, 605 (E.D.N.Y. 2015), *aff'd* 646 F. App'x 25 (2d Cir. 2016)).) Although the additional premium was alleged to be $115,500.00, Judge Pollak determined, based on Plaintiff's invoice, that Hull was to receive a 15 percent commission from that amount, leaving Plaintiff $98,175.00. (*Id.*) Judge Pollak also recommended awarding pre- and post-judgment interest, the $400 filing fee paid to the Eastern District of New York, and the $40 fee paid for service of process. (*Id.* at 15–17.)[3]

Plaintiff timely objected on September 9, 2022. (Pl.'s Obj., ECF No. 26.)

---

[1] Judge Pollak initially recommended, after Plaintiff failed to respond to an order to supplement its motion, that Plaintiff's motion be denied, and absent a filing from plaintiff, that the case be dismissed for failure to prosecute. (*See* ECF Nos. 16, 17.) Judge Pollak vacated that report and recommendation after Plaintiff filed a response and explained its tardiness. (ECF Nos. 18, 19.)

[2] The unjust enrichment claim was not addressed in the R&R, and Plaintiff did not object to its lack of consideration. The Court concludes that because this claim is based on the same facts as the breach of contract claim, it is duplicative, and therefore must be dismissed. *See Shak v. Aldephi Univ.*, 549 F. Supp. 3d 267, 274 (E.D.N.Y. 2021) ("An unjust enrichment claim is 'not available where it simply duplicates, or replaces, a conventional contract or tort claim.'" (quoting *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.,* 8 F. Supp. 3d 467, 483 (S.D.N.Y. 2014)).

[3] Judge Pollak also recommended denying amounts demanded for New York state taxes. (R&R at 13–15.)

**STANDARD OF REVIEW**

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection. *Id.* "To accept those portions of the report to which no timely objection has been made, 'the district court need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

**DISCUSSION**

Plaintiff's sole objection to the R&R is Judge Pollak's determination that Plaintiff is entitled to $98,175, the "Net Amount Due" instead of $115,500, the entire additional premium. (*See generally* Pl.'s Obj.) Plaintiff argues that its "only obligation is to demonstrate the policy premium that is unpaid and owed to it[,]" and that Judge Pollak "should not have considered whether and how the 15% commission is earned by the broker, because that is not at issue in this action." (*Id.* at 2–3.) "Because the broker did not collect the premium from [Defendant], [Plaintiff] was then forced to collect the entire premium amount directly," so "[o]nly awarding . . . $98,175.00 unfairly benefits [Defendant]." The Court disagrees.

As Judge Pollak explained, in awarding damages "the court must ensure that there is a basis for the damages specified in a default judgment," (R&R at 9 (citing *Fustok v. Conticommodity Servs., Inc.,* 122 F.R.D. 151, 156 (S.D.N.Y. 1988), *aff'd,* 873 F.2d 38 (2d Cir. 1989)), and "damages should be awarded to 'provide the injured party with the benefit she would have enjoyed had no breach occurred[,]" (*id.* (citing *Nature's Plus Nordic A/S*, 98 F. Supp. 3d at

3

605.) Plaintiff's own premium invoice demonstrated that had the breach not occurred, it would have been entitled to $98,175.00, not $115,500, because a 15 percent commission was to be paid to Hull.  (*See* Premium Invoice, ECF No. 22.)  Plaintiff's contention that it is entitled to the full $115,500.00 is unsupported and belied by the invoice.  As noted by Judge Pollak, "the second page of plaintiff's submitted Premium Invoice lists the 'Net Amount Due' to plaintiff as $98,175.00 after a 15% 'Commission' ($17,325.00) is subtracted from the $115,500.00 additional premium."  (R&R at 11.)  Judge Pollak rightly rejected Plaintiff's contention made in a supplemental declaration that it was entitled to the commission because Hull did not collect the premium payment, which Plaintiff claimed was the basis for the commission.  (*Id.* at 12.)  Plaintiff did not provide the contract between Defendant and Hull nor any other evidence demonstrating the purpose of the 15 percent commission.  (R&R at 12.)  And, Plaintiff provided no evidence that, in the normal course, when Plaintiff collected the premium payment itself, Plaintiff was entitled to the full premium amount.  (*Id.*)

Plaintiff continues its speculation when it claims that failing to award the full premium amount unfairly benefits Defendant.  As Judge Pollak noted, "[t]he Court . . . does not know whether [Defendant] has already paid the commission amount to [Hull]."  (*Id.* at 12 n.9.)  Plaintiff's objection is overruled.

## CONCLUSION

For the foregoing reasons, Judge Pollak's R&R is MODIFIED to the extent that this Court dismisses the unjust enrichment claim and ADOPTED as the opinion of this Court. Plaintiff's motion for default judgment is GRANTED in part and DENIED in part, consistent with the R&R.

SO ORDERED.

Dated: Brooklyn, New York
       September 29, 2022

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge